IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAMÓN ORTIZ-OSORIO**, *et al.*,

   Plaintiffs,

   v.                                                                              Civil No. 13-1352 (BJM)

**MUNICIPALITY OF LOIZA**, *et al.*,

   Defendants.

**OPINION AND ORDER**

Ramón Ortiz Osorio, Eric Cruz Negrón, and José M. Landrau bring this citizen suit against the Municipality of Loíza and its Mayor Eddie M. Manzo-Fuentes under the Clean Water Act ("CWA"). Docket No. 1 ("Compl."). The Municipality and the Mayor moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. Docket No. 7 ("Mot."). Plaintiffs opposed the motion. Docket No. 19. The parties have consented to proceed before a magistrate judge. Docket Nos. 12, 13.

For the reasons set forth below, defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss,[1] a complaint must allege "a plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). However, a court should "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Boston Scientific Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need

---

[1] Although defendants request dismissal for lack of subject matter jurisdiction, their main argument rests on the CWA's diligent prosecution bar on citizen suits. While the First Circuit has not passed on the issue, the Fifth Circuit has ruled that the diligent prosecution bar is not a jurisdictional limitation on citizen suits, but rather a claim-processing rule. *Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 748–49 (5th Cir. 2012). Thus, defendants' motion does not fall under Rule 12(b)(1) and will be treated solely as a Rule 12(b)(6) motion.

not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted).  The court need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009).  The complaint must allege enough factual content to nudge a claim across the line from conceivable to plausible.  *Iqbal*, 556 U.S. at 680.  The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

On a Rule 12(b)(6) motion, "the facts are set forth as alleged in the complaint and inferences [are] taken in the light most favorable to . . . the non-moving party." *Diaz-Romero v. Mukasey*, 514 F.3d 115, 116 (1st Cir. 2008); *Estate of Bennett v. Wainwright*, 548 F.3d 155, 163, 165 (1st Cir. 2008).  The court should not consider "documents not attached to the complaint, or not expressly incorporated therein," unless it is an official public record, a document the authenticity of which is not disputed by the parties, a document central to plaintiffs' claim, or one sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).  When "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).  Indeed, on a motion to dismiss, the court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint." *Clorox Co. v. Proctor &*

*Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000). The rationale for this principle is that "the main problem of looking to documents outside the complaint—lack of notice to plaintiff—is dissipated 'where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *Id.* (internal citation omitted).

## BACKGROUND

Plaintiffs Ramón Ortiz Osorio, Eric Cruz Negrón, and José M. Landrau are residents of the Christian Village Community in Loíza, Puerto Rico, and members of the Christian Village Fishermen's Association, an unincorporated association. Compl. ¶ 6.

Defendants are the Municipality of Loíza, Puerto Rico, and its Mayor, Eddie M. Manzo-Fuentes. The Municipality owns and operates a small municipal separate storm sewer system ("MS4") serving Loíza, including the Christian Village Community. Compl. ¶¶ 10–11. Defendants operate the MS4 pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit number PPR040051. Compl. ¶ 17.

Plaintiffs allege that they are negatively affected by storm water discharge originating from a discharge point in Loíza's sewer system. The discharge point also receives raw sewage from other sources, and the resulting discharge flows directly into the Atlantic Ocean. The storm water and sewage discharge have degraded water quality and the marine ecosystem in the surrounding area. Compl. ¶¶ 7–8.

The NPDES permit requires the Municipality to implement six measures designed to reduce the discharge of pollutants from the MS4 into navigable waters, including the development and implementation of a public education program, programs to address storm water runoff from construction activity and development projects, and a storm water management plan ("SWMP"). Compl. ¶¶ 18–19. The permit requires all owners and operators of small MS4s in Puerto Rico to submit their SWMP to the Environmental Protection Agency ("EPA") by August 2007. Compl. ¶ 20. All programs and requirements in the permit must be implemented by November 7, 2011. Compl. ¶ 21.

In November 2010, the Municipality and the EPA entered into a "Consent Agreement and Final Order," resolving an administrative proceeding brought by the EPA against the Municipality for violating Sections 308 and 402 of the Clean Water Act. Docket No. 7-1 ("Order").  The complaint alleged that the Municipality failed to submit a Notice of Intent requesting coverage under a NPDES general permit for small MS4s, as required by an Administrative Compliance Order issued by the EPA in February 2008. Order ¶¶ 2–3.  As part of the order, the Municipality agreed to pay a civil penalty and implement a Supplemental Environmental Project, whereby the town will purchase a sewage vacuum system truck and implement the collection, hauling, and disposal of sewage from septic tanks located in Loíza.  Order ¶¶ 13, 20.

Plaintiffs filed this action on May 7, 2013.  Docket No. 1.  The complaint alleges that defendants failed to comply with the NPDES permit requirements, because no SWMP has been developed and none of the six control measures have been implemented. Compl. ¶ 23.  Plaintiffs seek declaratory relief, injunctive relief, the imposition of civil penalties, and an award of costs (including attorney's fees and expert witness' fees) for defendants' violation of the Clean Water Act.

## DISCUSSION

The Municipality contends that this citizen suit is barred by Section 505(b), the diligent prosecution bar, of the Clean Water Act, 33 U.S.C. § 1365(b).  Mot. 7. Defendants also argue that the case should be dismissed against Mayor Manzo-Fuentes in his official capacity because inclusion of the Mayor as a defendant is redundant and unnecessary. Mot. 14.  An official capacity suit against the Mayor is equivalent to a suit against the Municipality.  *See Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir. 2005) ("A suit against a public official in his official capacity is a suit against the governmental entity itself."). Thus, plaintiffs' claim against the Mayor is redundant and should be dismissed. *See Decotiis v. Whittemore*, 635 F.3d 22, 26 (1st Cir. 2011) (affirming dismissal of

official-capacity defendant as redundant of the suit against local government agency). I now turn to the Municipality's diligent prosecution argument.

Section 505 of the Clean Water Act authorizes citizens to bring a civil action against any person alleged to be in violation of an effluent standard or limitation. 33 U.S.C. § 1365(a). But no suit may be brought under this section "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order . . . ." 33 U.S.C. § 1365(b)(1)(B). "The focus of the statutory bar to citizen's suits is . . . whether corrective action already taken and diligently pursued by the government seeks to remedy the same violations as duplicative civilian action." *North and South Rivers Watershed Ass'n, Inc. v. Town of Scituate*, 949 F.2d 552, 556 (1st Cir. 1991). [2] Accordingly, citizen suits are barred where the EPA or the State "is already acting to correct the violations upon which [plaintiffs] focus their action." *Id.*

The Municipality asserts that the present action is precluded by the November 2010 Consent Agreement and Final Order between the EPA and the Municipality of Loíza. *See* Docket No. 7-1. However, that consent agreement and order, to the extent that it might be viewed as commencing or diligently prosecuting a court action against the Municipality, cannot bar plaintiffs' suit because it does not seek to remedy the allegations at issue here—alleged violations of NPDES permit PPR040051 by failing to implement six minimum control measures and develop a storm water management plan. The November 2010 order proffered by defendants relates to the Municipality's failure to submit a Notice of Intent to the EPA. As part of the agreement, the Municipality agreed

---

[2] While *Scituate* involved a different statutory provision, 33 U.S.C. § 1319(g)(6)(A), both § 1365 and § 1319 require that the EPA or State is "diligently prosecuting" an action to remedy the violation alleged in the citizen suit. 33 U.S.C. §§ 1319(g)(6)(A), 1365(b)(1)(B). Accordingly, *Scituate* has been applied in cases where the defendants raise § 1365 as a defense. *See e.g.*, *Water Quality Prot. Coal. v. Municipality of Arecibo*, 858 F. Supp. 2d 203, 211 (D.P.R. 2012); *SURCCO v. PRASA*, 157 F. Supp. 2d 160, 168 (D.P.R. 2001).

to pay a civil penalty and purchase a specialized truck for the collection, hauling, and disposal of sewage from septic tanks in Loíza. The order simply does not speak to the Municipality's alleged violation of NPDES permit requirements that is the subject of this action.

Moreover, even assuming that the order addresses the same violations as plaintiffs' citizen suit, there is no evidence that the EPA is "diligently prosecuting" the action. In both *Scituate* and *SURCCO v. PRASA*, the court held that Massachusetts State and EPA actions, respectively, constituted diligent prosecution barring § 505 citizen suits. *Scituate*, 949 F.2d at 557; *SURCCO v. PRASA*, 157 F. Supp. 2d at 170. In both cases, defendants demonstrated significant steps had been taken to comply with the State and EPA administrative orders. The defendant town in *Scituate* had "complied with a variety of mandatory and ongoing tasks since the Order was issued," including the submission of periodic water-quality test results, expenditure of close to one million dollars for a new treatment plant, and enforcement of a sewer hookup moratorium. 949 F.2d at 557. Similarly, the defendants in *SURCCO* produced evidence of expenditures and steps taken to comply with the EPA's administrative order. 157 F. Supp. 2d at 170. Here, the record lacks evidence that the Municipality even began to comply with the steps laid out in the EPA's November 2010 order. Taking the plaintiffs' well-pleaded allegations as true, there is insufficient evidence for the court to find diligent prosecution by the EPA. *Accord Water Quality Prot. Coal. v. Municipality of Arecibo*, 858 F. Supp. 2d 203, 211 (D.P.R. 2012) (finding a lack of diligent prosecution where the EPA issued an administrative order, but the defendant Municipality came forward with "no evidence regarding its compliance" with the EPA order).

Because there is insufficient evidence for the court to find that the EPA is diligently prosecuting an action against the Municipality for violations alleged in this complaint, plaintiffs' suit is not barred by § 1365(b)(1)(B).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** as to Mayor Manzo-Fuentes in his official capacity, and otherwise **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2014.

                                        *S/ Bruce J. McGiverin*
                                        BRUCE J. MCGIVERIN
                                        United States Magistrate Judge