**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CHRISTIAN VILLAGE FISHERMEN'S ASSOCIATION** (an unincorporated association); **RAMON ORTIZ OSORIO; ERIC CRUZ NEGRON; JOSE M. LANDRAU**<br><br>Plaintiffs<br><br>v.<br><br>**MUNICIPALITY OF LOÍZA**<br><br>Defendant | CIVIL ACTION No: 13-1352 (BJM) |

**MOTION FOR ATTORNEYS' FEES**

TO THE HONORABLE COURT:

COME NOW Plaintiff, Ramón Ortiz Osorio duly represented by the undersigned attorney and respectfully states, alleges, and prays as follows:

### I. INTRODUCTION

Consistent with this Court's Order of July 27, 2015 (ECF 59) and specifically section IX of the Consent Decree (ECF 48) incorporated into that Order, Ramón Ortiz Osorio (plaintiff), hereby petition for an award of

attorneys' fees and litigation costs. Plaintiff has prevailed in this litigation against the Municipality of Loíza (Loíza or the Municipality) and, pursuant to the Federal Water Pollution Control Act (commonly known as the Clean Water Act or CWA, 33 U.S.C. §1251 *et. seq.*), Plaintiff now moves for an award of $40,210.00 in attorneys' fees, and $989.21 in litigation costs, for a total of $41,199.21.

## II. ATTORNEYS' FEES UNDER THE CLEAN WATER ACT

Pursuant to the CWA, a prevailing party may recover the costs of litigation, including reasonable attorneys' fees and expert witness fees. *See* 33 U.S.C. § 1365(d) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

A party is a "prevailing or substantially prevailing party" under §1365(d) of the CWA if: "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." *Idaho Conservation League, Inc. v. Russell*, 946 F.2d 717, 719 (9th Cir. 1991).

13-1352(BMJ)
Page -3-

Prevailing party status is determined by inquiring whether plaintiffs' "actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Richard S. Dept. of Dev. Services of California*, 317 F.3d 1080, 1087 (9th. Cir. 2003) citing *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002), cert. denied, 537 U.S. 820 (2002) (citation omitted).

Moreover, a party need not succeed on every claim in order to prevail. A plaintiff prevails if he "has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (internal quotations omitted); see *Me. Sch. Admin. Dist. No. 35 v. R.*, 321 F.3d 9, 15 (1st Cir. 2003) (citing *Buckhannon Bd & Care Home, Inc. v. West Va. Dept. of H&HR*, 532 U.S. 598 (2001) at 603 ("[A] party may be considered 'prevailing' even without obtaining a favorable final judgment on all (or even the most crucial) of her claims.").

A party may be considered prevailing for the purpose of awarding attorneys' fees if (1) it obtains an enforceable judgment on the merits or (2) a settlement agreement enforceable through a court-ordered consent decree, *Buckhannon, Supra at 604*.

As long as a plaintiff's claim is not "frivolous, unreasonable or groundless," a legal basis for the plaintiff's claim exists. *Doty v. County of Lassen,* 37 F.3d 540, 548 (9th Cir. 1994); see also *Idaho Conservation League, Inc. v. Russell*, 946 F.2d 717, 719 (9th Cir. 1991). "This test sensibly keeps the District Court from having to address, during the attorney's fees litigation, the merits of resolved disputes to determine whether the relief obtained would have been obtainable by judgment." *Doty*, 37 F.3d at 548.

### III. PREVAILING PARTY

The Consent Decree entered by the court in this case substantially and materially alters the legal relationship between the parties, because the defendant is required to do several tasks directly benefitting the plaintiffs and the furtherance of the goals of the Clean Water.

Plaintiffs allege the existence of a raw sewage discharge into a beach they frequently use. This discharge originates from the municipality's storm water system (MS4) serving the Christian Village Community. In the complaint plaintiffs also allege that this discharge violates the municipality's NPDES permit and more specifically Part 4.2.3 which requires the municipality to develop, implement and enforce a program to detect and

eliminate illicit discharges into its MS4. (40 CFR sec. 122.34(b)(3), MS4 General Permit Part 4.2.3)

To eliminate the discharge and solve the problems plaintiffs argued that it is necessary to detect and eliminate all illicit discharges of raw sewage into the municipality's storm water system serving the Christian Village Community. This goal could be achieved by fully implementing the permit and to that end Plaintiffs requested injunctive relief and civil penalties.

The Consent Decree includes an agreement for the full implementation of the NPDES permit. This agreement will be enforced by the court (ECF 59). It also includes a Supplemental Environmental Project (SEP) instead of civil penalties. The SEP requires the municipality to periodically remove raw sewage and sediments accumulated in the storm water system serving Christian Village Community. This is an interim measure designed to mitigate the effects of the discharge.

There is no question that the relief sought by the lawsuit was in fact obtained as a result of having brought the action. To that end there is no doubt that plaintiffs satisfied the first requirement to be a prevailing party.

A citizen may bring a civil enforcement action in federal district court against any person who is alleged to be in violation of an effluent standard

or limitation. 33 U.S.C. sec. 1365(a)(1)[1]

Section 505(f)(6) (33 U.S.C. sec. 1365(f)(6)) defines "effluent standard or limitation" to include a permit or condition issued under section 402 of the Act (33 U.S.C. Sec. 1342) which includes the authorization to operate a municipal separate storm sewer systems or MS4s.[2] Section 402(p) (33 U.S.C. sec. 1342 (p)) states that no discharge of storm water

---

[1] "**(a) Authorization; jurisdiction**
Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf—
**(1)** against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
**(2)** against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title."
  **(b) Notice**
No action may be commenced—
**(1)** under subsection (a)(1) of this section—
        **(A)** prior to sixty days after the plaintiff has given notice of the alleged violation
                **(i)** to the Administrator,
                **(ii)** to the State in which the alleged violation occurs, and
                **(iii)** to any alleged violator of the standard, limitation, or order, or
        **(B)** if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.
**(2)** under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator, except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317 (a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation."
[2] A municipal separate storm sewer system or MS4 is a "conveyance or system of conveyances (including roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, or storm drains): (i) owned or operated by a city, town, borough, county, parish, district, association, or other public body (created by State law) that discharges into waters of the United States; (ii) designed or used for collecting or conveying storm water; (iii) which is not a combined sewer; and (iv) which is not part of a Publicly Owned Treatment Works ...." 40 C.F.R. sec. 122.26(b)(8).

from small, medium, and large municipal separate storm sewer system will be authorized except in compliance with the terms of a NPDES permit issued by the Administrator of the Environmental Protection Agency.

If the citizen prevails, the district court may award to him or her injunctive relief and attorneys' fees, and impose civil penalties on the defendant payable to the United States Treasury, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Plaintiffs' claim to enforce the municipality's NPDES permit falls squarely within section 505 of the CWA, there is a legal basis for it and, therefore, is not "frivolous, unreasonable or groundless".


### IV. HOURLY FEE AND LITIGATION COSTS

The starting point for establishing the proper amount of [a fee] award is [the so-called lodestar product,] the number of hours reasonably expended, multiplied by a reasonable hourly rate." See *City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992) (CWA case); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The U.S. Supreme Court recognizes a "strong presumption" that the "lodestar" amount represents a "reasonable fee." *City of Burlington*, 505 U.S. at 561.

Other considerations, such as those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), may require that the award be adjusted from the lodestar figure.[3]

The attorney who prosecuted this case on behalf of Plaintiff is an experienced practitioner with substantial experience in environmental law and litigation. The total amount of hours worked in this case, which total 200.80, are reasonable. See Declaration of Miguel Sarriera Román. Plaintiffs' counsel spent substantial time over the two years and three months that this case was prosecuted preparing pleadings and briefs (including the complaint, numerous draft memoranda related to a motion to dismiss, pretrial and other procedural motions), communicating with his clients about litigation developments and extensive negotiations.

"Hourly rates in recent civil-rights cases in this District have generally ranged from $100.00 to $250.00 for in-court work, and from $90.00 to $225.00 for out-of-court time." *Cortes-Reyes v. Salas-Quintana,* 806 F. Supp. 2d 470, 476 (D.P.R. 2011) (citing *Rosario-Urdaz v. Rivera-*

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19; *Rum Creek*, 31 F.3d at 175.

*Hernandez,* 451 F. Supp. 2d 305, 309-10 (D.P.R. 2006). In *Cortes-Reyes,* an attorney who had over 37 years of experience practicing before this court and extensive specialized experience in civil-rights litigation was granted an out-of-court hourly rate of $200.00, and an in-court rate of $250.00.

Miguel Sarriera Román has around 23 years of legal experience, extensive litigation experience, and an advanced legal degree. His declaration and resume shows a specialized experience in Clean Water Act cases. See Declaration of Miguel Sarriera Román. Based on this Plaintiff believes that and hourly rate of $200.00 for out-of-court time (199.80 hours) and $250.00 for in-court time (1.00 hour) will be reasonable. Based on these premises the total amount for attorney's fees will be $40,210.00

The amount of attorney fees that Plaintiff requests is reasonable, particularly in light of the results achieved and the fact that the case lasted two years and three months. A large amount of time was dedicated to oppose a motion to dismiss filed by the municipality. The motion to dismiss was denied by the court (ECF 20).

The amount requested is also reasonable when evaluated in light of the results obtained. Such a means of evaluating the overall reasonableness of a fee request was approved by the Supreme Court in

*Riverside v. Rivera*, 477 U.S. 561, 572 (1985).

Plaintiffs are affected by the accumulation and discharge of raw sewage from the municipality's MS4. This raw sewage is the result of illicit connections to that system. The permit requires the municipality to eliminate those illicit connections and the Consent Decree orders the municipality to do precisely that (and many other things). Plaintiffs achieved the best possible remedy available in this case. There is no better result than that.

Plaintiff also requests reimbursement of $989.21 for reasonable costs and expenses in this case, as set forth in the Declaration of Miguel Sarriera Román. Plaintiff's reasonable expenses include court costs, travel expenses, postage and other out-of-pocket expenses. The total expenses of $989.21 are reasonable given the magnitude, duration and complexity of this case.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant this motion and order the Municipality of Loíza to pay $41,199.21 for attorney's fees in the captioned case.

**RESPECTFULLY SUBMITTED**.
In Quebradillas, Puerto Rico, this 21st day of August 2015.

**CERTIFY** that on this date I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all parties in the case.

s/Miguel Sarriera-Román
Miguel Sarriera-Román, Esq.
USDC-PR 207714
Attorney for Plaintiffs
Miguel Sarriera Román Law Office
1104 Calle San Miguel
Quebradillas, PR. 00678
Phone: (787) 630-8319
Fax: (787) 895-7243
email: msarriera@prtc.net